[Sac. No. 4898.   In Bank.—August 1, 1935.]

LAVINIA I. ANDERSON, Respondent, v. LULU V. BAUM-GARTNER, Appellant.

Chickering & Gregory and Herbert V. Keeling for Appellant.

Lavinia I. Anderson, *in pro. per.*, for Respondent.

THE COURT.—This is an action to quiet title to water rights in the waters of Nutmeg Creek in Lake County. The lower court gave judgment in favor of plaintiff, holding her entitled to a prior appropriative right to eleven miner's inches of water measured under a four-inch pressure. No adjudication was made as to riparian rights.

In 1858 one Staniford settled on the land now owned by plaintiff, built a sawmill and took water from Nutmeg Creek by means of a ditch (identified as ditch No. 9 at the trial). Staniford sold his sawmill to William Gordon in 1866. William Gordon eventually secured title to the land by patent, and through various transfers the same finally came to plaintiff in fee.

Defendant is the owner of adjoining land. Nutmeg Creek originates in springs, runs through defendant's land, and

through a very small portion of the lower part of plaintiff's land. The appropriative right claimed by plaintiff is a right to divert water from the creek on defendant's land; and the theory on which the right is asserted is that the original appropriation by Staniford, on government land, was by the federal acts of 1866 and 1870, made a vested right superior to any subsequent riparian or appropriative rights after the land passed into private ownership. (*San Joaquin Canal etc. Co.* v. *Worswick,* 187 Cal. 674 [203 Pac. 999].)

The evidence sufficiently shows that the original appropriation by Staniford was never abandoned, although the point and method of diversion was changed. The present diversion is through a ditch called ditch No. 2. The capacity of this ditch is eleven miner's inches under a four-inch pressure, as established by the testimony of several qualified witnesses; and there is evidence in the record that this amount, up to the time of the trial, was put to a continuous beneficial use by plaintiff and her predecessors.

The judgment is affirmed.

Rehearing denied.